UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANN PAPPERT                                                              CV

                                  Plaintiff,                              **ECF CASE**
        -against-
                                                                                         **COMPLAINT**
I SHELY INC., COLLEGE RESIDENCE CLUB,
INC. AND CHIPOTLE MEXICAN GRILL OF
COLORADO, LLC

                                  Defendants.
-----------------------------------------------------------------x

## **COMPLAINT**

Plaintiff Ann Pappert (hereafter referred to as "plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendants I Shely Inc., College Residence Club, Inc. and Chipotle Mexican Grill of Colorado, LLC (together referred to as "defendants"), hereby alleges as follows:

## **NATURE OF THE CLAIMS**

1. This lawsuit opposes pervasive, ongoing and inexcusable disability discrimination by the defendants. In this action, plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorneys' fees, costs and expenses to redress defendants' violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations, the New York State Executive Law (the "Executive Law"), § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.  Plaintiff also alleges claims for Negligence. As explained more fully below, defendants own, lease, lease to, operate and control a place of public

1

accommodation that violates the above-mentioned laws.  Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.     These defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught.  In so doing, defendants made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for defendants to accept responsibility.  This action seeks to right that wrong via recompensing plaintiff and making defendants' place of public accommodation fully accessible so that plaintiff can finally enjoy the full and equal opportunity that defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5.     At all times relevant to this action, plaintiff Ann Pappert has been and remains currently a resident of the State and City of New York.

6.      At all times relevant to this action, plaintiff Ann Pappert has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7.      Defendants I Shely Inc. and College Residence Club, Inc. own and/or operate the property located at 2843 Broadway in New York County, New York (hereinafter referred to as "2843 Broadway").

8.      Defendants I Shely Inc. and College Residence Club, Inc. are licensed to and do business in New York State.  Defendant Chipotle Mexican Grill of Colorado, LLC is licensed to do and does business in New York State.

9.      At all relevant times, defendant Chipotle Mexican Grill of Colorado, LLC operates and/or leases property located at 2843 Broadway from defendants I Shely Inc. and College Residence Club, Inc. (hereinafter referred to as the "Chipotle premises").

10.     Upon information and belief, I Shely Inc. and College Residence Club, Inc. and Chipotle Mexican Grill of Colorado, LLC have a written lease agreement.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.     Each of the defendants are public accommodations as they own, lease, lease to, control or operate a place of public accommodation, the Chipotle premises located at 2843 Broadway, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)).

12.     The Chipotle premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity as a retail establishment, and its operations affect commerce.

13. Numerous architectural barriers exist at defendants' place of public accommodation that prevent and/or restrict access to plaintiff, a person with a disability.

14. At some time after January 1992, I Shely Inc. and College Residence Club, Inc. made alterations to 2843 Broadway, including areas adjacent and/or attached to 2843 Broadway.

15. At some time after January 1992, defendants I Shely Inc. and College Residence Club, Inc. made alterations to the Chipotle premises, and to areas of 2843 Broadway related to the Chipotle premises.

16. At some time after January 1992, defendants altered the primary function areas of the Chipotle premises and 2843 Broadway that relate to the Chipotle premises.

17. Since the effective date of § 27-292 of the Administrative Code (also known as "Local Law 58"), defendants have constructed and/or made alterations to the Chipotle premises, and to areas of 2843 Broadway related to the Chipotle premises.

18. Within the past three years of filing this action, plaintiff attempted to and desired to access the Chipotle premises.

19. The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991 Standards") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design ("2010 Standards").

20.     The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Administrative Code § 27-292 *et. seq.*

21.     Because of defendants' failure not to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, plaintiff was and has been unable to enjoy equal and complete access to defendants' place of public accommodation.

22.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the Administrative Code, or the Building Code of the City of New York ("BCCNY").

23.     Barriers to access that plaintiff encountered and/or which exist at the defendants' place of public accommodation include, but are not limited to, the barriers identified below, and result from but are not limited to, the barriers identified below, and result from:

  I.   Defendants fail to provide that the platform lift provided for wheelchair users facilitates unassisted entry, operation, and exit from the lift. See 1991 Standards §§ 4.11.3; 4.11.2; and 4.11.1; and 2010 Standards § 410.1.

 II.   Defendants fail to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the door to the entrance for the platform lift. See 1991 Standards §§ 4.11, 4.1.3(7), 4.13.6; and 2010 Standards §§ 206.5.2, 404.2.4.1, 305.3, 404.3, and 410.6.

III.   Defendants fail to provide that an accessible route from the primary entrance to the entire interior is equivalent to the route afforded to non-disabled. See Administrative Code § 27-292.5(b).

 IV.   The interior space of defendants' public accommodation is not accessible and usable to the disabled plaintiff. See Administrative Code §§ 27-292.10 and 27-292.5.

  V.   Defendants fail to provide that no protruding objects exist inside the minimum required clear floor space width of the interior's accessible route. See 1991 Standards §§ 4.2.4.2, 4.4.1; and 2010 Standards §§ 307.5, 403.5.1.

VI. Defendants fail to provide an accessible interior route of 36 inches in width in all locations available to non-disabled customers.  See 1991 Standards § 4.3.3; and 2010 Standards § 403.5.1.

VII. Defendants fail to provide that the customer order counter is accessible and dispersed throughout its premises.  See 1991 Standards § 7.2; 2010 Standards §§ 227.3, 227.1, 904.4; and BCCNY §§ 1109.12, 1109.12.3.

VIII. Defendants fail to provide a portion of the customer order that is no greater than 36 inches above the finish floor and no less than 36 inches in length thereby making it impossible or exceedingly difficult for the plaintiff to conduct a transaction in a manner similar to non-disabled customers.  See 1991 Standards § 7.2; 2010 Standards §§ 227.1, 227.3, 904.4; and BCCNY §§ 1109.12, 1109.12.3.

IX. Defendants fail to provide that at least one and not less than 5% of seating and standing spaces and/or dining surfaces are accessible and dispersed throughout the premises.  See 1991 Standards §§ 4.1.3(18), 4.32, 5.1; 2010 Standards §§ 226, 226.1, 226.2, 902.1; BCCNY §§ 1108.2.9.1, 1109.11; and Administrative Code § 27-292.10(3).

X. Defendants fail to provide an accessible route of at least 36 inches of minimum width to all dining areas and seating.  See 1991 Standards §§ 5.3, 4.32.2; 2010 Standards §§ 403, 206.2.5, 902.2; and BCCNY § 1108.2.9.

XI. Defendants fail to provide the minimum required maneuvering clearances of level and clear space in front of the seating for dining.  See 1991 Standards §§ 4.32.2, 5.3; and 2010 Standards §§ 305.3, 802.1.2, 802.1.3, 902.2, 903.1, 903.2, 902.4.1.

XII. Defendants fail to provide a space for dining where plaintiff's wheelchair does not overlap the accessible route and/or a space that adjoins an accessible route.  See 1991 Standards §§ 4.32.2, 5.1, 5.3; and 2010 Standards §§ 305.6, 802.1.4.

XIII. Defendants fail to provide a space for dining where plaintiff's wheelchair does not the overlap the general circulation path and/or emergency egress routes.  See 1991 Standards §§ 5.1, 5.3, 4.32.2, 4.2.4; and 2010 Standards § 802.1.5.

XIV. Defendants fail to provide the International Symbol of Accessibility at its designated accessible seating.  BCCNY § 11010.1(9).

XV. Defendants fail to provide dining tables and/ surfaces that are at an accessible height.  See 1991 Standards §§ 4.32.4, 5.1; and 2010 Standards § 902.3.

XVI. Defendants fail to provide dining tables and/ surfaces that have the minimum required knee clearances.  See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

Case 1:14-cv-03603-JGK   Document 2   Filed 05/20/14   Page 7 of 19

XVII. Defendants fail to provide dining tables and/or surfaces that have the minimum required toe clearances.  See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

XVIII. Defendants fail to provide an accessible public toilet room.  See Standards §§ 4.23, 4.18, 4.19, 4.17, 4.24, 4.22, 4.1.6(e) and 4.1.3(11); 2010 Standards §§ 213.1, 213.2, 603.1, 604, 605, 606; Administrative Code §§ 27-292(b), 27-292.12, RS-16, and P104.09(c); and BCCNY § 1109.2.

XIX. Defendants do not provide and display the International Symbol of Accessibility alongside the toilet room door at the latch side between 48 and 60 inches above the finished floor.  See Standards § 4.1.2(7)(d), 4.1.3(16)(a), 4.30, 4.30.6, 4.30.7; 2010 Standards §§ 216.2, 216.3, 216.8, 703.7.2.1, 703

XX. Defendants fail to provide that the door does not swing into the minimum required unobstructed floor space for the lavatory.  See 1991 Standards §§ 4.22.2, 4.22.3, 4.23.2, 4.23.3, 4.23.7, 4.24.5; and 2010 Standards §§ 213.3.4, 603.2.3, 606.2.

XXI. Defendants fail to provide that the operable controls for dispensers, dryers and other devices above or adjacent to the lavatory are within the accessible reach ranges.  See 1991 Standards §§ 4.2.5, 4.25.3, 4.1.3(12), 4.22.7 and 4.23.7; 2010 Standards §§ 213.3.7, 603.4, 308, 308.2.2, 309.3; and Administrative Code § 27-292.16.

XXII. Defendants fail to provide that the toilet door lock hardware does not require tight grasping, tight pinching and twisting of the wrist to operate.  See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7) and 4.13.9; and 2010 Standards §§ 206.5.1, 404.2.7, 309.4, 604.8.1.2.

XXIII. Defendants fail to provide that the hook inside the toilet room is located within an accessible reach range.  See 1991 Standards §§ 4.25.3, 4.2.6, 4.2.5, 4.1.3(12); and 2010 Standards §§ 213.3.7, 308, 308.2, 308.3, 309.3, 603.4, 604.8.3; and BCCNY § 1109.8.3.

XXIV. Defendants fail to provide that the flush control is located on the open side of the water closet.  See 1991 Standards § 4.16.5; and 2010 Standards § 604.6.

XXV. Defendants fail to provide that the grab bar behind the toilet is of sufficient length from the toilet centerline – 12 inches minimum on one side and 24 inches minimum on the other side.  See Standards §§ 4.17.6, 4.16.4, 4.17.3; and 2010 Standards §§ 604.5.1 and 604.5.2.

24. Upon information and belief, a full inspection of the defendants' place of public accommodation will reveal the existence of other barriers to access.

7

25. Defendants' failure to make their place of public accommodation accessible denies plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

26. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have defendants made or provided reasonable accommodations or modifications to persons with disabilities.

27. Defendants I Shely Inc. and College Residence Club, Inc. have failed to ensure that its lessee's place of public accommodation and the elements therein are in compliance with the 1991 Standards or the 2010 Standards; the Administrative Code, and the BCCNY including but not limited to ensuring the maintenance of accessible features.

28. The barriers to access within defendants' place of public accommodation continue to exist.

29. Plaintiff frequently travels to the shopping area and neighborhood where defendants' place of public accommodation is located and patronizes places in the neighborhood.

30. Plaintiff intends to patronize the defendants' place of public accommodation several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, the Administrative Code, and the relevant accessibility portions of the BCCNY.

## FIRST CAUSE OF ACTION

(**Violations of the Americans with Disabilities Act**)

46. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and

proximate result of plaintiff's disability, plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

47. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

48. Under the ADA, both the property owner and lessee are liable to the plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

49. Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use their place of public accommodation all because plaintiff is disabled. Defendants' policies and practices have disparately impacted plaintiff as well.

50. By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

51. Defendants have discriminated against the plaintiff by designing and constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

52. Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

53. Upon making alterations to their public accommodation, defendants failed to make their place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

54. Upon making these alterations to the primary function areas, defendants failed to make the paths of travel to the primary function areas accessible to plaintiff, in violation of 28 C.F.R. § 36.403.

55. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make defendants' place of public accommodation fully accessible.

56. By failing to remove the barriers to access where it is readily achievable to do so, defendants have discriminated against plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

57. In the alternative, defendants have violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

58. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

59. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, within the meaning of the ADA, I Shely Inc. and College Residence Club, Inc. continuously controlled, managed and operated the public sidewalk abutting 2843 Broadway, which includes the portion of the sidewalk constituting the entrance to defendants' place of public accommodation.

60. I Shely Inc. and College Residence Club, Inc.'s failure to construct and maintain an accessible entrance from the public sidewalk to defendants' place of public accommodation constitutes disability discrimination in a violation of the ADA.

61. Defendants have and continue to discriminate against plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
**(Violation of New York State Executive Law)**

62. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

63. Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

64. Defendants' have and continue to subject plaintiff to disparate treatment by denying plaintiff equal opportunity to use their place of public accommodation all because plaintiff is disabled.

65. Defendants discriminated against plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the defendants have aided and abetted others in committing disability discrimination.

66. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

67. In the alternative, defendants have failed to provide plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

68. It would be readily achievable to make defendants' place of public accommodation fully accessible.

69. It would not impose an undue hardship or undue burden on defendants to make their place of public accommodation fully accessible.

70. As a direct and proximate result of defendants' unlawful discrimination in violation of New York State Executive Law, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

71. Plaintiff has suffered damages in the amount of at least **$100,000.00 (ONE HUNDRED THOUSAND DOLLARS**) from each defendant and the total amount shall be determined at trial.

### THIRD CAUSE OF ACTION
**(Violation of the Administrative Code of the City of New York)**

72. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

73. Plaintiff suffers from various medical conditions that separately and together, impair plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus plaintiff has a disability within the meaning of the Administrative Code § 8-102(16).

74. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added). The Restoration Act is to be construed broadly in favor of plaintiff to the fullest extent possible.

75. Defendants' have and continue to subject plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the Administrative Code § 8-107(4). Each of the defendants have aided and abetted others in committing disability discrimination.

76. Defendants have discriminated, and continue to discriminate, against plaintiff in violation of the Administrative Code § 8-107(5)(b) by designing, creating and/or maintaining an inaccessible commercial facility/space.

77. Defendants have subjected, and continue to subject, plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the Administrative Code § 8-107(5)(b).

78. In violation of Administrative Code § 8-107(6), defendants have and continue to, aid and abet, incite, compel or coerce each other in each of the other defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the Administrative Code.

79. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, I Shely Inc. and College Residence Club, Inc. continuously controlled, managed and operated the public sidewalk abutting 2843 Broadway, which includes the portion of the sidewalk constituting the entrance to defendants' place of public accommodation.

80. I Shely Inc. and College Residence Club, Inc.'s failure to construct and maintain an accessible entrance from the public sidewalk to defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

81. Defendants discriminated against plaintiff in violation of the Administrative Code, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible public accommodation.

82. As a direct and proximate result of defendants' unlawful discrimination in violation of the Administrative Code, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

83. Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to plaintiff's rights under the Administrative Code.

84. By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

85. Defendants' unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the Administrative Code for which plaintiff is entitled to an award of punitive damages. Administrative Code § 8-502.

86. By refusing to make their place of public accommodation accessible, defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

87. Plaintiff has suffered damages in the amount of at least **$100,000.00 (ONE HUNDRED THOUSAND DOLLARS**) from each defendant and the total amount shall be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violation of New York State Civil Rights Laws)

88. Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

89. Defendants discriminated against plaintiff pursuant to New York State Executive Law.

90. Consequently, plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of **$500.00 (Five Hundred Dollars)** per defendant for each and every barrier and violation.

91. Notice of the defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## FIFTH CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

92. Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

93. Defendants negligently designed, constructed, operated, repaired and maintained their place of public accommodation located at 2843 Broadway in a manner that has rendered their place of public accommodation inaccessible to the disabled plaintiff.

94. At all relevant times, defendants have had a duty to design, construct, operate, repair, and maintain their place of public accommodation located at 2843 Broadway in a manner that is accessible to the disabled plaintiff, including a duty to comply with the Administrative Code.

95. Defendants breached their duty by negligently designing, constructing, operating, repairing and maintaining their place of public accommodation located at 2843 Broadway in a manner that has rendered it inaccessible to the disabled plaintiff, and by violating the Administrative Code sections cited herein.

96. Defendants' failure to design, construct, operate, repair and maintain their place of public accommodation located at 2843 Broadway in a manner that is accessible to the disabled plaintiff has proximately caused plaintiff to be unable to enjoy full and equal access to defendants' place of public accommodation.

97. Defendants have had actual and constructive notice that their place of public accommodation located at 2843 Broadway is not accessible to the disabled. The inaccessibility of defendants' place of public accommodation is visible, open, obvious, and apparent and has existed for a sufficient length of time for the defendants to discover and remedy the numerous inaccessibility conditions.

98. As a direct result of defendants' negligence, plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

**INJUNCTIVE RELIEF**

99. Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

100. Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

101. Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

**DECLARATORY RELIEF**

102. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

**ATTORNEYS' FEES, EXPENSES AND COSTS**

103. In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorneys' fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. § 1988; 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that defendants' have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

B. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above;

C. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Find defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law pursuant to New York State Civil Rights Law § 40-d;

E. Award at least **$100,000.00 (ONE HUNDRED THOUSAND DOLLARS**) to plaintiff as Compensatory damages, per defendant, plus pre-judgment interest, as a result of defendants' violations of New York State Executive Law and the Administrative Code of the City of New York;

F. Award at least **$100,000.00 (ONE HUNDRED THOUSAND DOLLARS**) to plaintiff as Punitive damages, per defendant, in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

G. Award plaintiff **$500.00** (**FIVE HUNDRED DOLLARS**) for each and every barrier and violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

H. Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

I. Find that plaintiff is a prevailing party in this litigation and award reasonable attorneys' fees, costs and expenses pursuant to the ADA; and

J. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: May 20, 2014
      New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By: /s
    Glen H. Parker, Esq.
    Adam S. Hanski, Esq.
    Robert G. Hanski, Esq.
    Attorneys for Plaintiff
    40 Worth Street, 10th Floor
    New York, New York 10013
    Telephone: (212) 248-7400
    Facsimile: (212) 248-5600
    Email:ash@parkerhanski.com
    Email:ghp@parkerhanski.com
    Email:rgh@parkerhanski.com